IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2009 Session

## GARY L. WATTS AND JANET WATTS, Parents And Next Friends of CLINTON D. WATTS, Deceased v. EARNESTINE J. MORRIS, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-002527-05     John R. McCarroll, Jr., Judge

_____

### No. W2008-00896-COA-R3-CV - Filed May 6, 2009

_____

HOLLY M. KIRBY, J., concurring.

It is with reluctance that I write separately to concur with the majority opinion in this case.

My reluctance does not stem from any flaw in the well-written and well-reasoned majority opinion. Rather, it stems from the knowledge that our decision will be a disincentive to the implementation of changes to make pedestrians safer when crossing Central Avenue to reach the University of Memphis campus.

The calls for action to protect student pedestrians crossing Central Avenue have included numerous letters to various officials written by University of Memphis Engineering Professor William Jermann, dating back to 1986, letters from Engineering Professor Babajide Familoni and former University of Memphis President Lane Rawlins dating back to 1995, and letters from current University President Shirley Raines, concerning the numerous pedestrian-vehicle collisions on Central Avenue and the almost daily near-misses. While a few improvements to Central Avenue have been made, as described by Dr. Rawlins in his 1995 letter to City of Memphis Mayor W.W. Herenton, "no amount of signage or lecturing will deter students from simply drifting and dodging their way across the street."

Alas, lawsuits are an imperfect vehicle to compel change. The City cannot be held liable for Clinton Watts' tragic death based on an assertion that the City should have "done something" about Central Avenue. The law requires that the plaintiff show specific action that should have been taken by the City, and that the failure of the City to take the specified action was a legal cause of Mr. Watts untimely death. As aptly pointed out by the majority in its opinion, this was not done in this case.

Under these circumstances, I concur.

_____
HOLLY M. KIRBY, JUDGE